UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

HOFFMAN, WEINBERG AND O'BRIEN, LLC,

Plaintiff,

vs.                                                    **COMPLAINT**

P.N. FINANCIAL INC.,                                   Case No.

NELSON MACWAN,

FINANCIAL ACQUISITIONS MANAGEMENT, INC. and

KENNETH W. BRADDOCK, III,

Defendants.

---

Plaintiff Hoffman, Weinberg and O'Brien, LLC, for its Complaint against the Defendants, herein alleges the following:

**The Parties**

1. Plaintiff is a limited liability company organized and existing under the laws of the State of New York and having a principal place of business in Buffalo, New York.

2. Upon information and belief, Defendant P.N. Financial Inc. (hereinafter P.N. Financial) is a corporation organized and existing under the laws of the State of Illinois and having a principal place of business located in Skokie, Illinois.

3. Upon information and belief Defendant Nelson Macwan is an individual residing at 8117 N, Kenneth Ave., Skokie, Illinois and is the President and principal shareholder of P.N. Financial.

1

4.   Upon information and belief, Defendant Financial Acquisitions Management, Inc. (hereinafter "FAMI") is an Iowa corporation with a principal place of business located at 2005 NE Trilein Drive, Ankeny Iowa.

5.   Upon information and belief, Defendant Kenneth W. Braddock, III, is an individual residing at 2005 NE Trilein Drive, Ankeny, Iowa and is the President and principal shareholder of FAMI.

**Jurisdiction**

6.   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332 as there is complete diversity between Plaintiff and Defendants and the amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs. This Court also has original jurisdiction of Plaintiff's Lanham Act claim against Defendants Macwan and P.N. Financial pursuant to 15 U.S.C. §1125(a) and supplemental jurisdiction as to State law claims as against those Defendants pursuant to 28 U.S.C. §1367.

**Venue**

7.   Venue is appropriate in this District pursuant to 28 U.S.C. §1391(a)(2) because this District is where the property that is the subject of this action is situated.

**Factual Background**

8.   On or about May 20, 2009 Plaintiff, for value in excess of $75,000.00, purchased a portfolio of charged-off HSBC credit card accounts bearing a face value in excess of $1,000,000.00 (hereinafter "the HSBC Accounts") from National Credit Adjusters, LLC. Said purchase was accomplished via written agreement by and between Plaintiff and National Credit Adjusters, LLC and included a written Bill of Sale for the HSBC Accounts.

9. By reason of the bona fide purchase for value and possession of a validly executed Bill of Sale, Plaintiff became the rightful owner and holder of the HSBC Accounts.

10. The location of the HSBC Accounts is at the offices of Plaintiff, which are located in Buffalo, New York.

11. The aforementioned purchase of the HSBC Accounts was accomplished through a broker, International Credit Services, LLC and its then-employee, Joe Szarko.

12. In the Summer of 2009, Plaintiff became aware that another collection agency, Professional Debt Mediation, Inc., located in Jacksonville, Florida, was collecting upon the HSBC Accounts. Plaintiff, with help from Szarko, was able to determine that the accounts were "placed" with Professional Debt Mediation, Inc. by Defendant Kenneth W. Braddock, III ("Braddock") and/or FAMI.

13. At that time, Braddock was informed that Plaintiff was the rightful owner and holder of the HSBC Accounts and was directed to cease placement of the accounts and to remit any amounts collected thereon. The foregoing was confirmed in an e-mail from Szarko to Braddock dated July 26, 2009.

14. Professional Debt Mediation, Inc. and Braddock failed to forward any of the sums, or portion thereof, collected on the HSBC Accounts.

15. Plaintiff did not become aware of any other problems with the HSBC Accounts after Professional Debt Mediation, Inc. apparently ceased collection upon same until February 2010. At that time, Plaintiff became aware that another agency, Defendant P.N. Financial, was collecting upon the HSBC Accounts and using illegal means to do so.

16. P.N. Financial has mailed numerous letters to individual account debtors comprising the HSBC Accounts seeking collection upon same, which, among other things, falsely and illegally threaten judgment, levy and garnishment against individual account debtors.

17. Upon learning that P.N. Financial was collecting on the HSBC Accounts, a member of Plaintiff contacted the President and principal shareholder of P.N. Financial, Defendant Nelson Macwan, and informed same that Plaintiff was the rightful owner and holder of the HSBC Accounts and directed him and P.N. Financial to cease collecting upon the HSBC Accounts. During the course of this conversation, Macwan revealed that the HSBC Accounts had been placed with him for collection by P.N. Financial by Braddock and/or FAMI.

18. Plaintiff also mailed a letter to P.N. Financial advising that Plaintiff is the legal owner of the HSBC Accounts and demanding remittance of all payments collected thereon.

19. P.N. Financial continues to collect upon the HSBC Accounts through this date.

20. Plaintiff has also confirmed that Braddock, either individually, or through FAMI, is offering the HSBC Accounts for sale as though he is the rightful owner of them.

21. Upon information and belief, Nelson Macwan and P.N. Financial are falsely representing to individual account debtors comprising the HSBC Accounts that it/they are associated or affiliated with Plaintiff and/or authorized to collect on behalf of Plaintiff.

22. At no time did any of the Defendants have good and valid title to the HSBC Accounts, the authority to place them with any party for collection, the authority to actually collect upon them, the authority to transfer or assign them, or the authority to offer them for sale.

23. Braddock has dominated and controlled FAMI and used same to defraud Plaintiff.

24. In the alternative, FAMI is the alter-ego of Braddock.

25. Macwan has dominated and controlled P.N. Financial and used same to defraud Plaintiff.

26. In the alternative, P.N. Financial is the alter-ego of Macwan.

27. Upon information and belief, the Defendants, and each of them, derives substantial revenue from interstate or international commerce.

28. The Defendants have committed tortious acts without the State of New York causing injury to Plaintiff and its property and Defendants expected or should have expected their tortious acts to have consequences within the State of New York.

29. The Defendants acted willfully, wantonly and maliciously in committing tortious acts against Plaintiff and its property.

30. Plaintiff has sustained actual damages in excess of $75,000.00, exclusive of interest and costs, as a direct and proximate result of Defendants' tortious actions.

31. Plaintiff will suffer irreparable harm in the future if Defendants are allowed to continue to collect, transfer, sell, assign, etc. the HSBC Accounts.

32. Plaintiff has no adequate remedy at law with respect to continued and future unlawful activity perpetrated by Defendants with respect to the HSBC Accounts.

Accordingly, Plaintiff seeks injunctive relief to prevent future unlawful activity with respect to the HSBC Accounts and to compel turn-over and destruction of any copies of the HSBC Accounts, whether stored in electronic format or otherwise.

33. Plaintiff is forced, through the commencement of this action, to expend sums on attorney fees and disbursements in an effort to mitigate its damages. Plaintiff is entitled to judgment for reimbursement of same incurred in mitigation of its damages.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment)

34. Plaintiff realleges and incorporates by reference paragraphs 1 through 33.

35. Plaintiff seeks a declaration that it, and no other, is the lawful and rightful owner and holder of the HSBC Accounts.

36. Plaintiff seeks relief, pursuant to 28 U.S.C. §2202, in the form of monetary damages for all of the HSBC Accounts that Defendants have collected upon, sold, transferred, assigned, placed, etc. in derogation of Plaintiff's rights therein. Plaintiff also seeks preliminary and permanent injunctive relief to prevent the transfer, sale, assignment, placement, collection, etc. of the HSBC Accounts in the future and to compel Defendants to turn over and destroy any copies of the HSBC Accounts, whether stored in electronic format or otherwise.

## SECOND CAUSE OF ACTION
### (Conversion)

37. Plaintiff realleges and incorporates by reference paragraphs 1 through 36.

38. Defendants acted intentionally and without authorization to exercise a right of ownership over, or substantially interfere with Plaintiff's rights in and to the HSBC Accounts, which are rightfully owned by Plaintiff, to the exclusion of Plaintiff.

6

39. That by reason of Defendants' conversion of the HSBC Accounts, Plaintiff has sustained monetary damages and will continue to suffer irreparable harm if Defendants are not enjoined from further unlawful conduct.

40. Plaintiff does not have an adequate remedy at law with respect to future unauthorized collection upon and retention of the HSBC Accounts.

41. Based on the foregoing, Plaintiff is entitled to an award of actual damages suffered as a result of Defendants' unlawful conduct, preliminary and permanent injunctive relief to prevent Defendants from selling, transferring, assigning or collecting upon the HSBC Accounts in the future and to turn over and destroy any copies of the HSBC Accounts, whether stored in electronic format or otherwise.

### THIRD CAUSE OF ACTION
### (Tortious Interference with Contract)

42. Plaintiff realleges and incorporates by reference paragraphs 1 through 41.

43. The HSBC Accounts are valid contracts between the individual account debtors and the original creditor, HSBC.

44. By reason of the sale and assignment for value of the HSBC Accounts to Plaintiff, Plaintiff became the account creditor to each individual account debtor comprising the HSBC Accounts.

45. Defendants, through their unlawful activity and with full knowledge that Plaintiff is the lawful and rightful holder and owner of the HSBC Accounts, have intentionally interfered with contractual relationships between Plaintiff and the individual account debtors comprising the HSBC Accounts.

46. Plaintiff has been damaged in an amount to be determined at trial as a result of Defendants' unlawful activity. Plaintiff further seeks preliminary and permanent

injunctive relief to prevent Defendants from selling, transferring, assigning or collecting upon the HSBC Accounts in the future and to turn over and destroy any copies of the HSBC Accounts, whether stored in electronic format or otherwise.

47. Plaintiff will continue to suffer irreparable harm if Defendants are not enjoined from further unlawful conduct with respect to the HSBC Accounts.

48. Plaintiff does not have an adequate remedy at law with respect to future sale, unauthorized collection and retention of the HSBC Accounts.

### FOURTH CAUSE OF ACTION
(Tortious Interference with Prospective Business Advantage)

49. Plaintiff realleges and incorporates by reference paragraphs 1 through 48.

50. Pleading in the alternative, Defendants are aware of commercial relationships between Plaintiff and the individual account debtors comprising the HSBC Accounts.

51. Defendants have and continue to engage in unlawful activities and have used wrongful means to interfere with Plaintiff's commercial relationships with the individual accounts debtors comprising the HSBC Accounts.

52. Plaintiff has been damaged in an amount to be determined at trial as a result of Defendants' unlawful activity. Plaintiff further seeks preliminary and permanent injunctive relief to prevent Defendants from selling, transferring, assigning or collecting upon the HSBC Accounts in the future and to turn over and destroy any copies of the HSBC Accounts, whether stored in electronic format or otherwise.

53. Plaintiff will continue to suffer irreparable harm if Defendants are not enjoined from further unlawful conduct with respect to the HSBC Accounts.

54. Plaintiff does not have an adequate remedy at law with respect to future sale, unauthorized collection and retention of the HSBC Accounts.

### FIFTH CAUSE OF ACTION
**(Violation of the Lanham Act, 15 U.S.C. §1125(a), as against P.N. Financial, Inc. and Nelson Macwan)**

55. Plaintiff realleges and incorporates by reference paragraphs 1 through 54.

56. P.N. Financial and Nelson Macwan, in furtherance of their interstate commercial activity, have falsely communicated to individual account debtors comprising the HSBC Accounts that P.N. Financial is affiliated or associated with Plaintiff.

57. Said Defendants knew the aforementioned false statements of affiliation or association to be materially false when made to individual account debtors comprising the HSBC Accounts.

58. Said false representations as to affiliation or association with Plaintiff deceives or has the tendency to deceive the individual account debtors comprising the HSBC Accounts to whom those false statements are directed.

59. Said false representations were made to individual account debtors comprising the HSBC Accounts in various States within the United States; thus the false representations were placed in interstate commerce.

60. Plaintiff has been damaged by reason of the aforementioned false representations.

61. Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. §1116 as against Macwan and P.N. Financial to prevent them from further violations of 15 U.S.C. §1125(a).

WHEREFORE, Plaintiff demands judgment as follows:

a.  A Declaration that Plaintiff is the rightful owner and holder of the HSBC Accounts;

b.  Awarding Plaintiff actual damages for all sums Defendants have collected from the HSBC Accounts, lost profits and/or proceeds gained by Defendants from alleged sale(s) of the HSBC Accounts;

c.  Preliminary and permanent injunctive relief preventing Defendants from selling, transferring, assigning, placing for collection or collecting upon the HSBC Accounts and directing turn over and destruction of any copies of the HSBC Accounts, whether stored in electronic format or otherwise;

d.  Injunctive relief as provided in 15 U.S.C. §1116 as against Defendants Macwan and P.N. Financial;

e.  Punitive damages against each of the Defendants in an amount no less than $1,000,000.00 each;

f.  The costs of this action, and attorneys fees expended by Plaintiff in mitigation of damages herein;

g.  Such other and further relief as the Court deems just and proper.

DATED: March 29, 2010

*Christopher W. McMaster* (signature)
Christopher W. McMaster, Esq.
Attorney for Plaintiff
403 Main St., Suite 528
Buffalo, New York 14203
(716) 856-1289 x11
cmcmaster@cmcmaster.com